IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NORMAN R. YARNS,
    Plaintiff,

vs.                                Case No.: 5:04cv277/SPM/EMT

JAMES CROSBY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 10). Leave to proceed in forma pauperis has been granted (*see* Doc. 4).

    Plaintiff names three Defendants in this action, James Crosby, Secretary of the Florida Department of Corrections (DOC), Donovan Hamilton, Warden of Holmes Correctional Institution (HCI), and Dr. Andem, Chief Health Officer at HCI. Plaintiff asserts he received inadequate medical treatment for appendicitis in violation of the Eighth Amendment. He seeks monetary compensation for pain and suffering caused by the alleged deprivation of his constitutional rights.

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir.

1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims is warranted.

Plaintiff alleges the following facts in support of his claim.  On July 28, 2003, while an inmate at HCI, Plaintiff declared a medical emergency due to severe pain in his right side (Doc. 10, Statement of Facts, ¶ 4).  Plaintiff was sent to a hospital, where he received an operation on his appendix (*id*., ¶ 9).  After Plaintiff was returned to the HCI infirmary, he suffered a postoperative infection, which led to his readmission to the hospital on August 12, 2003 (*id*.).  Plaintiff was returned to HCI on August 18, 2003 and stayed in the infirmary until August 29, 2003 (*id*., ¶ ¶ 9, 10).  Plaintiff alleges he received "poor" medical care from Dr. Andem and his staff (*id*., ¶ ¶ 9-11). Plaintiff states he complained of pain after his surgery, but was prescribed only Tylenol and ibuprofen (*id*.).  Plaintiff alleges Dr. Andem was deliberately indifferent to his medical needs and committed "gross negligence, negligence, or malpractice" in violation of the Eighth Amendment (*id*., ¶ 12, Statement of Claims).

Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)).  Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component.  Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077, 121 S.Ct. 774, 148 L.Ed.2d 673 (2001).  First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (internal quotation omitted)).  Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment.  *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements.  *Id.* at 1258.  As to the objective prong, an objectively serious deprivation requires a showing of an

objectively "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm.").  In addition, an objectively serious deprivation requires a showing that the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06, 97 S.Ct. at 291-92 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105, 97 S.Ct. at 291. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).  "Deliberate indifference" and "mere negligence" are not one and the same. Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994).  However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)).  To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

Despite this Court's having previously advised Plaintiff of the Eighth Amendment standard and providing him an opportunity to amend him complaint to allege sufficient facts to show a

constitutional violation, Plaintiff has failed to do so. Plaintiff admits Dr. Andem provided treatment for each of his complaints -- he received surgery for his appendicitis, a return visit to the hospital for treatment of a post-operative infection, and Tylenol and ibuprofen for pain relief. Although Plaintiff may disagree with the timeliness and appropriateness of Dr. Andem's medical judgments, Plaintiff cannot show that Dr. Andem's response to his medical needs was so deficient as to constitute "an unnecessary and wanton infliction of pain." Furthermore, the facts alleged by Plaintiff fail to show that Dr. Andem subjectively knew that the treatment he provided posed a risk of serious harm to Plaintiff, and that he disregarded that risk with conduct that was more than mere negligence. Additionally, Plaintiff cannot state a basis for liability as to Defendants Hamilton and Crosby. "It is well established in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks and citation omitted).

In the instant case, Plaintiff seeks to impose liability upon Defendants Hamilton and Crosby for hiring Dr. Andem despite his "history of malpractice," in violation of the Eighth Amendment. Plaintiff references a newspaper article that appeared in the St. Petersburg Times on September 27, 1999, which reported that Dr. Andem was disciplined in 1994 by the Army's Office of Surgeon General for "lack of attention to detail, failure to assume responsibility for patients, failure to admit or recognize errors, failure to document problems, and failure to learn from mistakes," yet Dr. Andem was hired by the DOC one year later (Doc. 10, Statement of Facts, ¶ 13). The article further

reported that Dr. Andem was disciplined in 1997 by a regulatory board in the State of Florida "for his Army record" (*id*.). The regulatory board required Dr. Andem to notify it if Dr. Andem left the DOC, and indicated that he would be placed on probation if he returned to private practice as an OB/GYN (*id*.). Plaintiff contends Defendants' hiring and retention of Dr. Andem in spite of this information constitutes negligent hiring.

As discussed *supra*, negligent conduct is not unconstitutional under the Eighth Amendment. Furthermore, the fact that Dr. Andem was disciplined in his prior practice and would be placed on probation if he returned to private practice may indicate a history of negligent medical care, but does not indicate a widespread history of constitutionally inadequate care. Therefore, Defendants' knowledge of these facts does not provide a basis for supervisory liability under the Eighth Amendment.

For the aforementioned reasons it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 21st day of March 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**